## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

| | |
|---|---|
| **WILLIAM SLOAN** and **LINDA M. SLOAN**,<br><br>    Plaintiffs,<br><br>v.<br><br>**FLAGSTAR BANK, FSB** and **U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT**,<br><br>    Defendants. | Civil Action No. 7:13-CV-68 (HL) |

## ORDER

This case is before the Court on a Motion to Dismiss (Doc. 5) filed by Defendant Flagstar Bank, FSB. Plaintiffs did not file a response, which makes the motion unopposed. For the reasons discussed below, Flagstar's motion is granted.

### I.   MOTION TO DISMISS STANDARD

On a motion to dismiss, the Court must accept as true all well-pleaded facts in a plaintiff's complaint. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009). To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain specific factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim is plausible where the plaintiff alleges factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The plausibility standard "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of the defendant's liability. Twombly, 550 U.S. at 556.

## II. FACTS

The facts in the light most favorable to Plaintiffs are as follows. On May 30, 2007, the real property located at 147 Apache Drive, Moultrie, Georgia (the "Property") was conveyed to Plaintiffs through a quitclaim deed. (Compl. ¶ 6, Ex. 1). Also on May 30, 2007, Plaintiffs executed a Promissory Note in favor of Greater United Home Funding in the amount of $88,254. (Compl. ¶ 7). The Promissory Note was secured by a Security Deed that identifies Mortgage Electronic Registration System, Inc. ("MERS") as "nominee" for Greater United Home Funding and its successors and assigns. (Compl. ¶ 9, Ex. 2). The Property was pledged as collateral to secure the Promissory Note. In September of 2011, Plaintiffs defaulted on their mortgage. (Compl. ¶ 10). On February 23, 2012, MERS assigned the Security Deed to Flagstar. (Compl. Ex. 3).

Plaintiffs allege that the default made them eligible for assistance under the Home Affordable Modification Program ("HAMP"), which would have required

Flagstar to attempt various measures to modify their loan. Plaintiffs assert that they made multiple contacts with Flagstar to request that Flagstar process their application for a mortgage loan modification through HAMP. Flagstar sent the necessary forms to Plaintiffs. Plaintiffs allege that they met all the requirements for a HAMP modification and that Flagstar had a duty to process the application. On March 6, 2012, while Flagstar was processing Plaintiffs' HAMP application, Flagstar foreclosed on the Property. Flagstar now holds title to the Property.

On March 18, 2013, Plaintiffs filed a complaint against Flagstar and the United States Department of Housing and Urban Development in the Superior Court of Colquitt County, in which they alleged a breach of contract claim.[1] Plaintiffs seek injunctive relief and an order setting aside the foreclosure.

On May 16, 2013, Flagstar timely removed the action to this Court and filed its Motion to Dismiss. Flagstar requests that the Court dismiss the action against it with prejudice.

## III.   DISCUSSION

Plaintiffs allege a breach of contract claim based upon their request to Flagstar to process the application for the HAMP loan modification. Flagstar asserts that Plaintiffs fail to state a claim against it upon which relief can be

---

[1] While the complaint is titled "Complaint for Wrongful Foreclosure and for Equitable Relief," Plaintiffs have not pled a wrongful foreclosure claim in the complaint. Their sole claim is a breach of contract claim, and the Court will restrict its analysis to the breach of contract claim alone.

granted for three reasons. First, Flagstar argues that the purported contract does not satisfy the statute of frauds. Second, Flagstar argues that the alleged contract lacks the necessary elements under Georgia law. Finally, Flagstar argues that Plaintiffs have no private right of action against Flagstar under HAMP. It is not necessary for the Court to address Flagstar's first two arguments,[2] because the law in the Eleventh Circuit is clear that there is no private right of action, express or implied, under HAMP.

In <u>Miller v. Chase Home Finance, LLC</u>, 667 F.3d 1113, 1116 (11th Cir. 2012), the Eleventh Circuit found that the plaintiff "lack[ed] standing to pursue breach of contract, breach of implied duty of good faith and fair dealing, and promissory estoppel claims insofar as they are premised on an alleged breach of [Defendant's] HAMP obligations." Here, Plaintiffs' breach of contract claim is clearly premised on an alleged breach of Flagstar's HAMP obligations. The breach of contract claim is nothing more than an effort to assert a private right under HAMP, which is not allowed. Like the plaintiff in <u>Miller</u>, Plaintiffs lack standing to pursue their claim for breach of contract.

## IV. CONCLUSION

Flagstar's Motion to Dismiss (Doc. 5) is granted.

---

[2] Nevertheless, it is clear to the Court that there was no valid contract between Plaintiffs and Flagstar to modify the loan.

**SO ORDERED**, this the 16th day of July, 2013.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh